

# NUMBER 13-08-514-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

SHARON MANNING,                                                    Appellant,

v.

COUNTRYWIDE HOME LOANS, INC.
AND WILLIAM LAREW OR DIANE LAREW,
SUBSTITUTE TRUSTEES,                                              Appellees.

---

On appeal from the 94th District Court of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Benavides**
**Memorandum Opinion Per Curiam**

Appellant, Sharon Manning, attempted to perfect an appeal from a judgment

entered by the 94th District Court of Nueces County, Texas, in cause number 05-00022-C.

Judgment in this cause was signed on May 1, 2008. A motion for new trial was filed on

May 30, 2008. Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on July 30, 2008, but was not filed until August 26, 2008.

The appellant filed a motion for extension of time to file notice of appeal on August 26, 2008, twenty-seven days after the deadline for filing a notice of appeal. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26).

The times for filing a notice of appeal are jurisdictional, and absent a timely filed notice of appeal or an extension request, we must dismiss the appeal. *See* TEX. R. APP. P. 2, 25.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding that once extension period has passed, a party can no longer invoke an appellate court's jurisdiction); *see also Barrera v. Canales*, No. 04-01-00221-CV, 2001 Tex. App. LEXIS 3878, *2 (Tex. App.–San Antonio June 13, 2001, no pet.) (per curiam).

The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect her appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a),(c).

PER CURIAM

Memorandum Opinion delivered and
filed this the 30th day of October, 2008.